**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

***Attorneys for Plaintiff and the Proposed Class***

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| BEHESHTA MAHBOOB, on behalf of herself, and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br><br>                    Defendant. | CASE NO.<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO CALIFORNIA PENAL CODE §§ 632.7 *ET SEQ.***<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.     Beheshta Mahboob ("Plaintiff") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Educational Credit Management Corporation ("Defendant"), in recording telephone conversations with Plaintiff without consent, in violation of the California Invasion of Privacy Act, Cal. Pen. Code § 632.7 ("CIPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

2.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $5,000 in damages for each violation of the CIPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiff alleges a class which will result in class members belonging to a different state than that of the Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A).  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(b) because Defendant, at all times herein mentioned, was doing business in the County of Ventura, State of California and is licensed in California as entity number C3323027.  Further, venue is proper in this district because Plaintiff Mahboob has resided in this district at all times herein mentioned such that a substantial part of the events giving rise to the claim occurred in this district.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PARTIES**

4.      Plaintiff Beheshta Mahboob is, and at all times mentioned herein was, a resident of the State of California, County of Ventura.  She is, and at all times mentioned herein was a "person" as defined by Cal. Pen. Code § 632(b).

5.      Defendant is a company that specializes in student loan servicing and maintains its principal place of business at 111 Washington Avenue South, Suite 1400, Minneapolis, MN 55401 and maintains an agent for service of process in California with CT Corporation Systems, 818 West Seventh St. 2nd Floor, Los Angeles CA 90017, and is a "person" as defined by Cal. Pen. Code § 632(b).

6.      Plaintiff alleges that at all times relevant herein Defendant conducted business in the state of California and in the County of Ventura, and within this judicial district.

**FACTUAL ALLEGATIONS**

7.      Defendant is a student loan servicer with many accounts in California. While attempting to collect debts, Defendant often talks to Californians on their cellular telephones.  Defendant records all of their calls.

8.      CIPA was enacted to protect consumers from a violation of their privacy, requiring a party to warn an individual if a call is being monitored or recorded

9.      On, or around, March 27, 2015, Plaintiff Mahboob called Defendant using her cellular telephone, 805-XXX-6800, in Ventura County, California.  The number that Plaintiff Mahboob called, 866-945-6305, is a number that is owned by Defendant.  During this private telephone conversation, Defendant's representatives discussed confidential information with Plaintiff Mahboob.

10.     The telephone call between Plaintiff Mahboob and Defendant's representative concerned personal financial affairs that Plaintiff Mahboob had not openly discussed with others.

*Mahboob v. Educational Credit Management Corp.*
CLASS ACTION COMPLAINT

11.     Unbeknownst to Plaintiff Mahboob, the call between Plaintiff Mahboob and Defendant was recorded by Defendant without Plaintiff Mahboob's knowledge or consent.

12.     Defendant did not warn Plaintiff Mahboob that the call between them would be recorded, and Plaintiff Mahboob never gave consent for the call to be recorded.

13.     Plaintiff Mahboob did not hear intermittent beeping sounds during the call that may have alerted Plaintiff Mahboob that the call was being recorded.

14.     In fact, Plaintiff Mahboob experienced no hold time after she made the phone call to Defendant's 866-945-6305 inbound line and was directly connected with an agent.

15.     During the call, Plaintiff Mahboob was completely unaware that Defendant was recording the calls.

16.     Reasonable California residents expect that their telephone communications are not being recorded in the absence of a call recording advisement of some kind at the outset of the telephone call(s), since call recording advisements given at the outset of telephonic communications with businesses are ubiquitous today.

17.     Due to the lack of a recording advisement at the outset of the telephone calls, Plaintiff reasonably believed and expected that Defendant was not secretly recording the telephone conversations with Plaintiff, which concerned alleged debts.

18.     California Penal Code § 632.7(a) is very clear in its prohibition against such unauthorized tape recording without the consent of the other party to the conversation: "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline

3

telephone, or a cordless telephone and a cellular radio telephone [violates this section]". California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000.00 for each violation and injunctive relief.

19.    This suit seeks only damages and injunctive relief for recovery of economic injury and it expressly is not intended to request any recovery for personal injury and claims related thereto.

20.    Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally recorded communications transmitted between a cellular radio telephone and a landline telephone without Plaintiff's consent as prohibited by California Penal Code § 632.7(a).

21.    Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded conversations with Plaintiff that the call would be recorded and Defendant did not try to obtain the Plaintiff's consent before such recording.

22.    Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording all inbound and outbound telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiff and other California residents.

23.    Plaintiff is informed and believes, and thereon allege, that during the relevant time period, Defendant had installed and/or caused to be installed certain recording equipment on all its inbound and outbound lines. Defendant uses these devices to record each and every telephone conversation on said telephone lines.

24.    Plaintiff is informed and believes, that during the relevant time period, many of Defendant's inbound lines, including the 866-945-6305 line which Plaintiff called, were erroneously set with a non-mandatory message setting.

*Mahboob v. Educational Credit Management Corp.*
CLASS ACTION COMPLAINT

25.     Plaintiff is informed and believes, and thereon allege, that during the relevant time period, Defendant recorded numerous calls on the lines set to non-mandatory, without the knowledge or consent of the public, including Plaintiff and other California residents.

26.     Defendant's conduct alleged herein constitutes violations of the right to privacy of the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq*.

27.     Defendant concealed from Plaintiff, and similarly situated California residents, that Defendant was recording the telephone calls between itself on the one hand and Plaintiff and other similarly situated California residents on the other.

28.     Defendant concealed the fact that it was recording the afore-mentioned phone calls and created a false impression in the minds of Plaintiff and similarly situated California residents that they were not being recorded.  At the outset of the calls there was no warning that the calls were, or even may be, recorded.

29.     As a result thereof, Plaintiff and the class have been damaged as set forth in the Prayer for Relief herein.

30.     Plaintiff seeks statutory damages for herself and the class and injunctive relief under California Penal Code § 637.2.

CLASS ALLEGATIONS

31.     Plaintiff brings this action on behalf of herself and on behalf of all other similar situated. Because Plaintiff's cellular phone call was recorded, the representative Plaintiff represents, and is a member of the Class she seeks to represent, persons whose cellular telephone calls were recorded by Defendant in the Class Period, with the Class as defined as follows:

All individuals who, between August 2, 2014, to March 31, 2015, inclusive (the "Class Period"), participated in an inbound telephone conversation with a live representative of ECMC that was: (1) placed to an ECMC phone line

that used the non-mandatory message setting for its admonition that the call is being recorded; (2) made from a telephone number that includes a California area code (i.e., 209, 213, 310, 323, 408, 415, 424, 442, 510, 530, 559, 562, 619, 626, 650, 657, 661, 707, 714, 747, 760, 805, 818, 831, 858, 909, 916, 925, 949, or 951); (3) transmitted via cellular telephone; (4) wherein the inbound caller waited on hold for less than 4 seconds.

32.    Excluded from the Class are the following persons: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and its current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

33.    Due to the secretive nature of the privacy invasion, members of the Class do not have notice of Defendant's violation of California Penal Code § 632.7.

34.    Plaintiff believes there are over 1,000 Class members. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

35.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.

36.    Plaintiff reserves the right to modify or expand the definition of the Class to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37.    The joinder of Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to

*Mahboob v. Educational Credit Management Corp.*
CLASS ACTION COMPLAINT

the Court. The Class can be identified through Defendant's records and/or Defendant's agent's records.

38.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

a.  Whether Defendant has a policy of recording its calls;

b.  Whether Defendant discloses to California consumers and/or obtains their consent that Defendant's telephone conversations were recorded at the outset of the conversation;

c.  Whether Defendant recorded its telephone conversations with persons in California while those persons were on a cellular telephone;

d.  Whether Defendant's policy of recording all of its calls without the required call recording disclosure constituted a violation of California Penal Code § 632.7;

e.  Whether Defendant should be enjoined from engaging in such conduct in the future; and,

f.  Whether Plaintiff, and Class members are entitled to any other relief.

39.     Plaintiff is asserting claims that are typical of the Class because every other member of the Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

40.     Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Plaintiff has retained counsel experienced in handling class actions and claims under California's Invasion of Privacy Act to further ensure such protection.

41.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class

7

action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few Class members could afford to seek legal redress for the wrongs complained of herein.

42.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of the Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class actions.

43.     Defendant has acted on grounds generally applicable to the Class.

44.     Californians have a constitutional right to thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### UNLAWFUL INVASION OF PRIVACY

### CALIFORNIA PENAL CODE SECTION 632.7

45.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.     Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. Thus, we believe that

8

California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation. *See Kearney v. Salmon Smith Barney, Inc*., (2006) 39 Cal. 4th 95, 125.

47.     California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party, where a cellular telephone is involved. Cal. Pen. Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded.  The only intent required by Cal. Pen. Code § 632.7 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

48.     Plaintiff is informed and believe and thereupon alleges that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

49.     Plaintiff is informed and believes and thereupon alleges that all these devises were maintained and utilized to record each and every one of Defendant's telephone conversations over said telephone lines.

50.     Said recording equipment was used to record Defendant's telephone conversations with Plaintiff and the members of the Class, all in violation of California Penal Code § 632.7.

51.     Defendant or any employees, agents, managers, officers, or directors of Defendant, and any other person, failed to inform Plaintiff or any other member of the Class, at the outset of Defendant's telephone conversations, that the recording of the telephone conversations were taking place, and at no time did Plaintiff or any other member of the Class consent to this activity.

52.    If any consent and/or disclosure were given, such disclosure/s and/or consent was not at the inception of the call/s.

53.    Defendant, knowing that it was unlawful and a violation of Plaintiff, the Class members' right to privacy and a violation of California Penal Code § 630, *et seq*., intruded on Plaintiff's, and Class members' right to privacy by intentionally engaging in recording activities relative to the telephone conversations between Plaintiff and the Class on the one hand, and Defendant on the other hand, as alleged herein.

54.    Based on the foregoing, Plaintiff and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

55.    Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class seek recovery of their attorneys' fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION

### UNLAWFUL INVASION OF PRIVACY

### CALIFORNIA PENAL CODE SECTION 632.7

56.    As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of Cal. Pen Code § 637.2(a), Plaintiff seeks for herself and each Class member the greater of $5,000.00 for each and every violation or three times actual damage per violation, pursuant to Cal. Pen Code § 637.2(a).

57.    Pursuant to California Penal Code § 637.2(a)*,* injunctive relief prohibiting such conduct in the future.

58.    Any other relief the Court may deem just and proper including attorney fees and costs.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  October 29, 2021

*s/ Ronald A. Marron*
By: Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ron@consumersadvoocates.com
ALEXIS M. WOOD
alexis@consumersadvocates.com
KAS L. GALLUCCI
kas@consumersadvocates.com
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiff and the
Proposed Class*

*Mahboob v. Educational Credit Management Corp.*
CLASS ACTION COMPLAINT